UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| HURST VON BRUSKI,<br>a/k/a Greggory Anthony Smith,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>STATE OF MINNESOTA,<br>RANSY [sic] COUNTY D.A.'S OFFICE, and<br>DACOTA [sic] COUNTY D.A.'S OFFICE,<br><br>　　　　　Defendants. | Civil File No. 05-1118 (PAM/SRN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner of the State of Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. Sec. 1983." (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he may be unable to pay even the initial partial filing fee that prisoners are required to remit pursuant to 28 U.S.C. § 1915(b)(1). Based on the information in the IFP application, the Court finds, for present purposes only, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

## I. BACKGROUND

Plaintiff is attempting to sue the State of Minnesota, and the Offices of the District Attorneys for Ramsey and Dakota Counties, claiming that he was wrongly prosecuted in the criminal matters that led to his current incarceration. He alleges that the state crimes for which he was convicted occurred seven or eight years ago, but the State failed to prosecute him for those crimes until after he completed a federal prison sentence that he was serving between 1996 and 2003.

Plaintiff seems to be claiming that his federal constitutional rights were violated because Defendants did not promptly prosecute him for his state criminal offenses. He is asking for a "new hearing" in federal court for the purpose of challenging his current state custody.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental entities, (i.e., the State of Minnesota, and the Ramsey and Dakota County District Attorneys' Offices), his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner-plaintiff fails to state a cause of action on which relief can be granted, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that Plaintiff's current pleading is clearly barred by the principles discussed by the Supreme Court in <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In both of those cases, the Court held that a person convicted of a state crime cannot challenge his conviction or sentence in a federal civil rights action. <u>Habeas corpus is the exclusive federal remedy for a person who believes that his conviction or sentence should be set aside.</u> <u>Heck</u>, 512 U.S. at 481, citing <u>Preiser</u>, 411 U.S. at 488-490.

In the present case, it is readily apparent that Plaintiff is challenging the validity of his state criminal conviction, and the sentence he is presently serving. He is expressly asking for "new hearing" in federal court to challenge the validity of his current state confinement. According to <u>Preiser</u> and <u>Heck</u>, however, the validity of a state criminal conviction and sentence cannot properly be considered in a federal civil rights action such as this one. Habeas corpus is the only federal remedy available for a party seeking to overturn such a conviction and sentence.[2]

Any judgment in Plaintiff's favor on the claims presented in his current complaint would necessarily cast doubt on the validity of his state criminal conviction and the sentence he is now serving. Therefore, Plaintiff's present civil rights action is barred by <u>Heck</u>.

---

[2] Even when a plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." <u>Heck</u>, 512 U.S. at 483. <u>See</u> <u>also</u> <u>Sheldon v. Hundley</u>, 83 F.3d at 233 ("<u>Heck</u> requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

Under different circumstances, Plaintiff's current pleading <u>might</u> be construed as an application for federal habeas corpus relief and entertained as such. <u>See</u> <u>Offet v. Solem</u>, 823 F.2d 1256, 1257 (8th Cir. 1987); <u>Feeney v. Auger</u>, 808 F.2d 1279, 1280-81 (8th Cir. 1986); <u>but</u> <u>see</u> <u>Copus v. City of Edgerton</u>, 96 F.3d 1038, 1039 (7th Cir. 1996) (holding that a civil rights action that is barred by <u>Heck</u> should be dismissed, and should <u>not</u> be converted to a habeas case). That cannot be done in this case, however, because there is no indication that Plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b)(1)(A). <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999) ("the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition"). Without proof of exhaustion, Plaintiff's complaint cannot be construed as a habeas petition and entertained as such.

## III. CONCLUSION

Because Plaintiff's current claims are clearly barred by <u>Heck</u> and <u>Preiser</u>, the Court concludes that he has failed to state a cause of action on which relief can be granted. It will therefore be recommended that this case be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

The Court will also recommend that Plaintiff's IFP application, (<u>see</u> n. 1, <u>supra</u>), be denied, because he has failed to state any actionable claim. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will, however, remain liable for the unpaid balance of the $250 filing fee required by 28 U.S.C. § 1914(a).[3] To date, he has not paid any fee at all, so he still owes

---

[3] Under the PLRA, prisoners may be excused from <u>pre</u>-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that

the full $250 filing fee. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the court filing fee, namely the full $250, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Dated:  June 17, 2005

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

---

prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action").

5

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 5, 2005 a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.