UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hurst Von Bruski,   Civil No. 05-1118 (PAM/SRN)
a/k/a Greggory Anthony Smith,

           Plaintiff,

v.   **ORDER**

State of Minnesota, Ramsey County D.A.'s
Office, and Dakota County D.A.'s Office,

           Defendants.

---

This matter is before the Court on Plaintiff's submissions responding to the June 17, 2005, Report and Recommendation ("R&R") of United States Magistrate Judge Susan Richard Nelson. The Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review and Plaintiff's submissions, the Court adopts the R&R.

**DISCUSSION**

As explained in the R&R, Plaintiff seeks relief under 42 U.S.C. § 1983 for the allegedly wrongful prosecution of crimes for which Plaintiff is currently incarcerated. Magistrate Nelson correctly held that habeas corpus is the exclusive federal remedy to challenge a conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 481 (1994). Magistrate Nelson also properly noted that the Complaint could not be construed as a federal habeas corpus petition because the Complaint fails to indicate that Plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b)(1)(A). Accordingly, the Court adopts the R&R

in its entirety and dismisses the Complaint in this action.

The Court notes that Plaintiff did not object to the findings or analysis in the R&R. Instead, he submitted two pleadings: a Request for Change of Venue to Wisconsin and a Writ of Habeas Corpus. If Plaintiff wishes to proceed with his claims, he must commence a new action under 28 U.S.C. § 2254. Section 2254 requires Plaintiff to show that his state court conviction was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). In addition, an application for writ of habeas corpus must explain how Plaintiff exhausted the administrative remedies available in the Minnesota state courts. 28 U.S.C. § 2254(b). The Court suggests that Plaintiff file the habeas corpus petition on the form prescribed for use in the District of Minnesota.

**CONCLUSION**

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c)(2). Based on that review and all the arguments of the parties, the Court **ADOPTS** the Report and Recommendation (Clerk Doc. No. 3). Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis (Clerk Doc. No. 2) is **DENIED**;

2. This action is **SUMMARILY DISMISSED** under 28 U.S.C. § 1915A(b);

3. Plaintiff must pay the remaining balance of the court filing fee in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 20, 2005                                     s/ Judge Paul A. Magnuson
                                                         Judge Paul A. Magnuson
                                                         United States District Court Judge